UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| |
|---|
| SATISH DESHPANDE, M.D., |
|                          Plaintiff, |
|                -against- |
| METHODIST HOSPITAL OF SOUTHERN CALIFORNIA; BALA CHANDRASEKHAR, M.D., individually and as an aider and abettor; JACOB FAKOORY, M.D., individually and as an aider and abettor, |
|                         Defendants. |

20-CV-0560 (CS)

TRANSFER ORDER

CATHY SEIBEL, United States District Judge:

      Plaintiff, appearing *pro se* and having paid the filing fees, brings this action under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17, and 42 U.S.C. § 1981, alleging that his former employer discriminated and retaliated against him based on his race. Plaintiff also invokes the Court's diversity jurisdiction under 28 U.S.C. § 1332, asserting state-law claims. For the following reasons, the Court transfers this action to the United States District Court for the Central District of California, Western Division.

## DISCUSSION

      Title VII's venue provision, in relevant part, states that:

> [s]uch an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. For purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought.

42 U.S.C. § 2000e-5(f)(3).

Claims under § 1981 and the diversity jurisdiction statute are governed by the general venue provision, 28 U.S.C. § 1391(b), which provides that a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the district where the person is domiciled. § 1391(c)(1). And an entity that is not a person, "whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." § 1391(c)(2).

Plaintiff filed this complaint regarding events occurring in Los Angeles County, California. He states that Defendant Methodist Hospital of Southern California is located in Arcadia, Los Angeles County, California, and incorporated under the laws of California, and that Defendants Bala Chandrasekhar and Jacob Fakoory are citizens of California. Because Plaintiff does not allege that any defendant resides in this district or that a substantial part of the events or omissions giving rise to his claims arose in this district, venue is not proper in this Court under 42 U.S.C. § 2000e-5(f)(3) or 28 U.S.C. § 1391(b). Plaintiff's claims arose in Los Angeles County, California, which is in the Central District of California, Western Division. *See* 28 U.S.C. § 84(c)(2). Accordingly, venue lies in the Central District of California, Western Division, and this action is transferred to the United States District Court for the Central District of California, Western Division. *See* 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. The Clerk of Court is further directed to transfer this action to the United States District Court for the for the Central District of California, Western Division. A summons shall not issue from this Court. This order closes this case.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: January 27, 2020
White Plains, New York

_____
CATHY SEIBEL
United States District Judge